# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| **NORMA J. JAMES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 1:10CV326 |
| | ) | |
| **VEOLIA TRANSPORTATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter came before the Court on August 30, 2010, for oral argument on the motion of Defendant Veolia Transportation to dismiss the claims of the *pro se* Plaintiff. Plaintiff Norma James appeared in representation of herself, and counsel of record appeared for Defendant.

At the close of argument, the Court informed the parties that it would recommend that Defendant Veolia's motion to dismiss be granted for the reasons argued by Defendant in its briefing papers. Specifically, the Court found that Plaintiff James has filed an age discrimination claim against Defendant Veolia in this action, but failed to first file an EEOC charge against Defendant, and the time for such a charge has expired. Before filing an age discrimination case in federal court, an ADEA plaintiff must file a Charge of Discrimination with the EEOC within 180 days after the alleged unlawful employment action. *See generally*

*McCreary v. Vaughan-Bassett Furniture Co., Inc.*, 412 F. Supp. 2d 535, 541 (M.D.N.C. 2005).

The record in this case shows that Plaintiff James filed an EEOC charge regarding her termination from employment, alleging age discrimination. However, in that charge, she named only one employer – Greensboro Transit Authority. (Docket No. 17, Pl.'s Mot. to Continue, Attach.) She did not name, and made no mention of, Veolia Transportation. The record also shows that Defendant Veolia Transportation has no affiliation with Greensboro Transit Authority and is a separate legal entity. (Docket No. 19, Def.'s Mem. in Opp'n to Pl.'s Mot. to Continue, Ex. A, Affidavit of Nancy Nichols.)

Accordingly, Plaintiff's age discrimination claim against Defendant Veolia Transportation must be dismissed for Plaintiff's failure to satisfy the prerequisites for filing an ADEA claim in federal court. Therefore, **IT IS RECOMMENDED** that this action be dismissed as to Defendant Veolia Transportation.

The Court also noted in open court that Plaintiff's Complaint identified Greensboro Transit Authority as a Defendant, but the *pro se* Plaintiff failed to present to the Clerk a proper summons for that Defendant. *See, e.g.,* Docket No. 7. Greensboro Transit Authority has therefore not been served with process by the Marshal. In view of Plaintiff's *pro se* status, the Court will find good cause and excusable neglect with regard to her confusion as to the legal status of this Defendant (i.e., she apparently believed that Greensboro Transit Authority was a "dba" of Veolia Transportation) and the Court **ORDERS** that Plaintiff shall

have 90 days from the date of this Order to submit to the Clerk a proper summons for Greensboro Transit Authority, failing which this action may be dismissed as to that Defendant pursuant to Rule 4(m).

                                                  /s/ P. Trevor Sharp
                                         United States Magistrate Judge

Date: September 15, 2010